IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | CASE NO. CR597-003-11 |
| CHRISTOPHER L. GREEN, a/k/a | ) | |
| SHAWN GREEN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Christopher L. Green's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582. (Doc. 1860.) For the following reasons, including Defendant's failure to obtain certification to submit a second § 2255 petition from the Eleventh Circuit Court of Appeals, the Court **DENIES** Defendant's Motion.[1]

On December 24, 1997, this Court sentenced Defendant to life imprisonment, which was the mandatory minimum sentence under the United States Sentencing Guidelines based on Defendant's criminal history category, for conspiracy of and possession with the intent to distribute crack cocaine. (Doc. 1152.) Due to the mandatory minimum sentence of life imprisonment, Defendant is not, at this

---

[1] After careful consideration, Defendant's Motion to Appoint Counsel (Doc. 1842) is **DENIED.**

time, eligible for any reduction in sentence based on the 2007 Amendments to the United States Sentencing Guidelines, which reduced guideline sentences for crack cocaine offenses.

However, on October 3, 2005, the Georgia Supreme Court overturned two state convictions used by this Court to determine Defendant's criminal history category. See Green v. State, 279 Ga. 687, 620 S.E.2d 788 (2005). In addition to requesting a reduction based on the 2007 Amendments, Defendant's Motion asks this Court to reduce his sentence based upon the Georgia Supreme Court's decision to overturn these two state convictions. Removing the overturned state convictions and recalculating Defendant's guideline sentence could remove the mandatory minimum sentence of life imprisonment and result in a lower guideline sentence. However, a motion under 18 U.S.C. § 3582 is not the proper method for seeking a reduced sentence based on overturned state convictions.

The appropriate means for Defendant to seek a reduction of sentence based upon overturned state convictions is to file a challenge to his sentence under 28 U.S.C. § 2255. Defendant previously filed a § 2255 petition for relief from his conviction and sentence in this matter. (See Doc. 1658) (judgment entered on § 2255

petition.) As this Court has previously informed Defendant (see Doc. 1750), this Court may only entertain a second or successive habeas corpus petition from Defendant after he receives certification from the Eleventh Circuit Court of Appeals allowing such a petition. Under Eleventh Circuit Rule 22-3(a), Defendant must file an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit, using the form provided by the Eleventh Circuit Clerk of Court, before filing a second or successive petition in this Court. As a result, this Court is precluded from ruling on Defendant's § 2255 Petition until he receives the required certification from the Eleventh Circuit.

In summary, if Defendant wishes this Court to recalculate his sentence due to the Georgia Supreme Court vacating two of his state convictions, he must first file the "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit. After receiving permission from the Eleventh Circuit, Defendant may then submit a § 2255 petition to this Court. Until Defendant follows these procedures, this Court lacks jurisdiction to rule on any § 2255 petition from Defendant.

Accordingly, the Court **DENIES** Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582.

SO ORDERED this 1ST day of October, 2008.

*[signature]*
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA